| | |
|---|---|
| STEVEN MAYFIELD, individually and on behalf of a class of similarly situated persons, | Case No.  4:20-cv-01966 |
| Plaintiff,<br>v. | **JURY TRIAL DEMANDED** |
| LTD FINANCIAL SERVICES, L.P., | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

NOW COMES, Plaintiff STEVEN MAYFIELD, by and through his counsel, James C. Vlahakis, and asserts a putative class action against Defendant LTD FINANCIAL SERVICES, L.P.,  pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*

### I.  Parties, Jurisdiction and Venue

1.     At all times relevant to this Complaint, Plaintiff was a citizen of Nevada and resided in Sparks, Nevada.

2.     Defendant LTD FINANCIAL SERVICES, L.P. ("Defendant") is incorporated in the State of Texas and maintains its principal place located at 3200 Wilcrest Avenue, Suite 600, Houston, Texas 77042.

3.     Defendant is a debt collector as defined by Section 1692a(6) of the FDCPA because Defendant routinely uses the United States Postal Service for the collection of consumer debts and its principal purpose is the purchase of and collection of consumer debts.

4.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

5.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because

Defendant maintains its headquarters in Houston, Texas.

6.  Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because Defendant, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

## II.    Background Allegations

### A.  The Subject Debt

7.  Plaintiff purchased personal and household items through the use of a credit card (the "Subject Debt").

8.  Plaintiff made certain payments towards the Subject Debt, but was unable to completely pay off the Subject Debt as a result financial difficulties that he suffered from.

9.  Defendant attempted to collect the Subject Debt after it fell into a default status.

10.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Defendant regarded Plaintiff as a "person obligated or allegedly obligated to pay" the Subject Debt.

### B.  Defendant's Collection Letter

11.  In an attempt to collect the Subject Debt Defendant sent a letter to Plaintiff dated June 3, 2019 (the "Subject Letter")

12.  The Subject Letter listed a balance of $805.08.

13.  The subject line of the Subject Letter promoted a "SETTLEMENT IN FULL OFFER".

14.     The body of the Subject Letter stated that "[a]cceptance of this settlement offer, selecting a repayment option an payment by the due date will settle this debt *in full* with the current creditor." (Emphasis supplied).

15.     The Subject Letter provided two Payment Plan Options.

16.     "PAYMENT PLAN 1" said "Make 1 payment of $402.54 due 6/28/2019."

17.     Below the above sentence, the PAYMENT PLAN 1 stated "**YOU SAVE $402.54**."

18.     "PAYMENT PLAN 2" said "Make 6 of $80.51 with the first payment due 06/28/2019. Successive payments are due the 28th of each month."

19.     Below the above sentence, the PAYMENT PLAN 2 stated "**YOU SAVE $322.02**."

20.     Below PAYMENT PLAN 1, the Subject Letter said "[w]e are not obligated to renew this offer."

21.     Defendant's SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates and the letter's use of the phrase "[w]e are not obligated to renew this offer" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA because above quoted phrase "emphasizes and amplifies the creditor's message that it is a time-limited offer." *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772, 778 (7th Cir. 2020).

22.     As the Honorable Ilana Rover explained in her concurring opinion:

> I have doubts that this language actually accommodates the competing goals that [*Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007)] identified. In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. See *Evory,* 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount").

3

*Id.* at 778.

23.    Judge Rover proposed alternative language:

> As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We *may, but* are not obligated to, renew this offer."

*Id.*

24.    The phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA because above quoted phrase alone and in conjunction with the remainder of the letter is false, deceptive, misleading and unfair because a settlement for less than the full value of the debt cannot be credit reports as a settlement of the "debt in full".

25.    On information and belief, based upon Defendant's nationwide collection practice, within the past year, more that forty consumers with addresses located within this Judicial District were mailed a form letter reflecting a "SETTLEMENT IN FULL OFFER" where the letter provided two payment options, due dates for each payment option plan and the letter contained the phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" and the phrase "[w]e are not obligated to renew this offer."

26.    On information and belief, based upon Defendant's nationwide collection practice, within the past year, more that forty consumers with addresses located within the State of Nevada were mailed a form letter reflecting a "SETTLEMENT IN FULL OFFER" where the letter provided two payment options, due dates for each payment option plan and the letter contained the phrase "selecting a repayment option an

payment by the due date will settle this debt in full with the current creditor" and the phrase "[w]e are not obligated to renew this offer."

27.     The factual and legal issues related to Defendant mailing similarly formatted of "SETTLEMENT IN FULL OFFER" letters where the letter provided two payment options, due dates for each payment option plan and the letters contained the phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" and the phrase "[w]e are not obligated to renew this offer" are common and typical of Plaintiff and the proposed class members.

28.     Plaintiff is committed to serving as a class representative to vindicate the rights of other similarly situated consumers in this District and in the State of Nevada.

29.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

30.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions. For example, as an associate and partner of Hinshaw & Culbertson, LLP, a prominent law firm in the defense of the debt collection industry, Mr. Vlahakis defended well over a hundred FDCPA based claims.

31.     Mr. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). After extended litigation, the parties proposed a $310 to $500 million dollar settlement to the court which received preliminary on May 15, 2020) (Dkts. 415-16, 420, 429).

32.     Mr. Vlahakis understands how to achieve class-action based settlements. For example, as a former defense attorney, Mr. Vlahakis worked with putative class counsel to present courts with agreed proposed class action settlements. *See, e.g., Prater*

*v. Medicredit, Inc.*, 2014-cv-0159, 2015 U.S. Dist. LEXIS 167215 (E.D. Mo. Dec. 7, 2015) ($6.3 million dollar TCPA based automated dialing system wrong party settlement); *Wood v. State Collection Service, Inc.*, 15-cv-0475 (S.D. Ind. January 29, 2016) (granting approval of an FDCPA class action settlement);*Long v. Fenton & McGarvey Law Firm*, (S.D. Ind. February 23, 2017) (same).

33.     Mr. Vlahakis is well versed in the common defenses raised to oppose certification. For example, Mr. Vlahakis defeated certification efforts in the following cases. *See, Jamison v. First Credit Servs.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013) (defeating a bid to certify TCPA cell phone based class certification motion); *Pesce v. First Credit Servs.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012)(decertifying a previously certified TCPA class action).

34.     Finally, Mr. Vlahakis obtained a partial reversal of a motion dismissing a proposed FDCPA class action in the case of *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020).

### III.     Causes of Action

### Count I – Class Claim for Violations of Section 1692e of the FDCPA

35.     Plaintiff STEVEN MAYFIELD realleges the above paragraphs as though fully set forth herein.

36.     Section 1692e of the FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37.     Defendant's "SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates and the letter's use of the phrase "[w]e are not obligated to renew this offer" violates Sections 1692e of the FDCPA because above quoted phrase "emphasizes and

amplifies the creditor's message that it is a time-limited offer." *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772, 778 (7th Cir. 2020).

38. Defendant violated Section 1692e FDCPA because its "SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates, and the letter's use of the phrase "[w]e are not obligated to renew this offer" intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

39. The phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" violates Section 1692e of the FDCPA because above quoted phrase alone and in conjunction with the remainder of the letter is false, deceptive, misleading and unfair because a settlement for less than the full value of the debt cannot be credit reports as a settlement of the "debt in full".

40. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District and the State of Nevada who were mailed form collection letters where the letters contained two time-sensitive discounted payment offers where the letters contained the phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" and the phrase "[w]e are not obligated to renew this offer"

41. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

42. The proposed class can be defined by Defendant's records.

WHEREFORE, Plaintiff STEVEN MAYFIELD respectfully requests that this Honorable Court:

> a. declare that Defendant's form SETTLEMENT IN FULL OFFER letter violates Section 1692e of the FDCPA;

b. enjoin Defendant from using the form SETTLEMENT IN FULL OFFER letter;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their subject debts after receiving form the SETTLEMENT IN FULL OFFER letter; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Claim for Violations of Section 1692e(2)(A) of the FDCPA**

43.    Plaintiff STEVEN MAYFIELD realleges the above paragraphs as though fully set forth herein.

44.    Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

45.    Defendant's "SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates and the letter's use of the phrase "[w]e are not obligated to renew this offer" violates Sections 1692e(2)(A) of the FDCPA because above quoted phrase "emphasizes and amplifies the creditor's message that it is a time-limited offer." *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772, 778 (7th Cir. 2020).

46.    Defendant violated Section 1692e(2) of the FDCPA because its "SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates, and the letter's use of the phrase "[w]e are not obligated to renew this offer" intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

47.    The phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" violates Section 1692e(2)(A) of the FDCPA because above quoted phrase alone and in conjunction with the remainder of the letter is false representation of the character and legal status of the subject debt

because a settlement for less than the full value of the debt cannot be credit reports as

a  settlement of the "debt in full".

48.     Plaintiff will fairly and adequately represent the proposed class members

who are defined as follows:

> All persons with mailing addresses within this District and the State
> of Nevada who were mailed form collection letters where the letters
> contained two time-sensitive discounted payment offers where the
> letters contained the phrase "selecting a repayment option an
> payment by the due date will settle this debt in full with the current
> creditor" and the phrase "[w]e are not obligated to renew this offer"

49.     The class period is limited to one year from the filing of this lawsuit or until

the unlawful conduct ends.  The class is subject to amendment if there are less than 40

class members who received the subject envelope or letter from the above identified

creditor.

50.     The proposed class can be defined by Defendant's records.

WHEREFORE, Plaintiff STEVEN MAYFIELD respectfully requests that this

Honorable Court:

> a. declare that Defendant's form SETTLEMENT IN FULL OFFER
>    letter violates Section 1692e(2)(A) of the FDCPA;
>
> b. enjoin Defendant from using the form SETTLEMENT IN FULL
>    OFFER letter;
>
> c. award class members maximum statutory damages;
>
> d. award class members actual damages if they paid their subject
>    debts after receiving form the SETTLEMENT IN FULL OFFER
>    letter; and
>
> e. award Plaintiff costs and reasonable attorney fees as provided
>    under 15 U.S.C. §1692k.

**Count III – Class Claim for Violations of Section 1692e(10) of the FDCPA**

51.     Plaintiff STEVEN MAYFIELD realleges the above paragraphs as though

fully set forth herein.

52.     Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

53.     Defendant's "SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates and the letter's use of the phrase "[w]e are not obligated to renew this offer" violates Sections 1692f of the FDCPA because above quoted phrase "emphasizes and amplifies the creditor's message that it is a time-limited offer." *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772, 778 (7th Cir. 2020).

54.     Defendant violated Section 1692e(10) of the FDCPA because its "SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates, and the letter's use of the phrase "[w]e are not obligated to renew this offer" intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

55.     The phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" violates Section 1692e(10) of the FDCPA because above quoted phrase alone and in conjunction with the remainder of the letter constitutes use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer because a settlement for less than the full value of the debt cannot be credit reports as a settlement of the "debt in full".

56.     Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District and the State of Nevada who were mailed form collection letters where the letters contained two time-sensitive discounted payment offers where the letters contained the phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" and the phrase "[w]e are not obligated to renew this offer"

57.     The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.  The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

58.     The proposed class can be defined by Defendant's records.

WHEREFORE, Plaintiff STEVEN MAYFIELD respectfully requests that this Honorable Court:

a. declare that Defendant's form SETTLEMENT IN FULL OFFER letter violates Section 1692e(10) of the FDCPA;

b. enjoin Defendant from using the form SETTLEMENT IN FULL OFFER letter;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their subject debts after receiving form the SETTLEMENT IN FULL OFFER letter; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Claim for Violations of Section 1692f of the FDCPA**

59.     Plaintiff STEVEN MAYFIELD realleges the above paragraphs as though fully set forth herein.

60.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

61.     Defendant's "SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates and the letter's use of the phrase "[w]e are not obligated to renew this offer" violates Sections 1692f of the FDCPA because above quoted phrase "emphasizes and amplifies the creditor's message that it is a time-limited offer." *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772, 778 (7th Cir. 2020).

62.    Defendant violated Section 1692f FDCPA because its "SETTLEMENT IN FULL OFFER" letter, with its time-sensitive due dates, and the letter's use of the phrase "[w]e are not obligated to renew this offer" intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

63.    The phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" violates Section 1692f of the FDCPA because above quoted phrase alone and in conjunction with the remainder of the letter is unfair or unconscionable means to collect the Subject Debt because a settlement for less than the full value of the debt cannot be credit reports as a settlement of the "debt in full".

64.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District and the State of Nevada who were mailed form collection letters where the letters contained two time-sensitive discounted payment offers where the letters contained the phrase "selecting a repayment option an payment by the due date will settle this debt in full with the current creditor" and the phrase "[w]e are not obligated to renew this offer"

65.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

66.    The proposed class can be defined by Defendant's records.

WHEREFORE, Plaintiff STEVEN MAYFIELD respectfully requests that this Honorable Court:

    a. declare that Defendant's form SETTLEMENT IN FULL OFFER letter violates Section 1692f of the FDCPA;

    b. enjoin Defendant from using the form SETTLEMENT IN FULL OFFER letter;

c. award class members maximum statutory damages;

d. award class members actual damages if they paid their subject debts after receiving form the SETTLEMENT IN FULL OFFER letter; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of
Plaintiff STEVEN MAYFIELD,

*/s/James C. Vlahakis*
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 - 8181
Email:  jvlahakis@sulaimanlaw.com